**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CRAFTWOOD LUMBER COMPANY, an Illinois corporation; CRAFTWOOD II, INC., a California corporation dba Bay Hardware, on behalf of themselves and all others similarly situated, | Civil Action No. |
| Plaintiffs, | |
| vs. | **NOTICE OF REMOVAL** |
| ESSENDANT, INC., a Delaware corporation dba Essendant and EssendΛnt; ESSENDANT CO., an Illinois corporation, dba Essendant and EssendΛnt, | |
| Defendants. | |

PLEASE TAKE NOTICE THAT defendants Essendant, Inc. and Essendant Corporation ("Defendants" or "Essendant"), by and through their counsel, Kelley Drye & Warren LLP, respectfully request that the above-captioned action (the "Action") be removed from the Circuit Court of Lake County, Illinois, County Department, Chancery Division (the "Lake County Circuit Court") to the United States District Court for the Northern District of Illinois, Eastern Division under 28 U.S.C. § 1441(a) on the following grounds:

## BACKGROUND

1.     This Action was commenced by Plaintiffs Craftwood Lumber Company and Craftwood II, Inc. ("Plaintiffs" or "Craftwood") on March 4, 2016, by the filing of the Class-Action Complaint (the "Complaint") in *Craftwood Lumber Company, Craftwood II, Inc. et al. v. Essendant Inc. and Essendant Co.*, Case No. 16 CH 358, in the Lake County Circuit Court. True and correct copies of the Complaint, summons, civil coversheet, Plaintiffs' protective

motion for class certification, Plaintiffs' memorandum in support of the motion for class certification, and process, which consist of all process, pleadings or orders served upon Defendants, are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2.      Plaintiffs allege in their Complaint that they "bring this class action to recover damages for and enjoin repeated junk faxing by Defendants in direct violation of the [Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA")], in violation of the regulations promulgated by the Federal Communications Commission." Compl. ¶ 2.

3.      Defendants were served with the Complaint and summons on March 30, 2016.

4.      Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs through their attorneys of record in the Action, as well as to the Clerk of the Lake County Circuit Court, as required by 28 U.S.C. § 1446(d).

5.      This Action may properly be removed to the United States District Court for the Northern District of Illinois, Eastern Division on two grounds: (1) the presence of a federal question pursuant to 28 U.S.C. § 1331; and (2) the Action's class claims give rise to jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d).

6.      No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions hereby are reserved. Defendants do not waive, and expressly reserve, all rights to challenge the propriety of certification under the applicable rules.

2

## THE NOTICE OF REMOVAL IS TIMELY

7.    In accordance with 28 U.S.C. § 1446(b), Defendants are timely filing this Notice of Removal within the 30-day from service removal period.  *See Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1010 (N.D. Ill. 2009) (finding notice of removal timely because "the time for removal is not triggered until a defendant has been served with a copy of the summons"); *see also Collins v. Pontikes*, 447 F. Supp. 2d 895, 899 (N.D. Ill. 2006) (30-day removal clock began to run on date defendant is served with both summons and complaint). Plaintiffs served Defendants on March 30, 2016.

8.    Defendants have not filed a responsive pleading in the Action commenced by Plaintiffs in the Lake County Circuit Court and no other proceedings have transpired in that Action.

## THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFFS' FEDERAL QUESTION PURSUANT TO SECTION 1331

9.    Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Indeed, a district court has "original jurisdiction."  *Id.*

10.    This Court has original jurisdiction over the Action because Plaintiffs' claims arise under the TCPA.  While "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012), "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331," *id.* at 753; *see also Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449-451 (7th Cir. 2005).

11.     Accordingly, removal of this action is proper on the sole basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiffs' claims.

## THE COURT HAS ORIGINAL JURISDICTION
## OVER PLAINTIFFS' CLAIMS PURSUANT TO CAFA

12.     This Court has original jurisdiction over this action under CAFA.  *See* 28 U.S.C. § 1332(d).  CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interests and costs.  *Id.*  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice.

13.     This action has been styled as a class action.  *See* Compl. ¶¶ 2, 18-27.

**a.     Minimum Diversity Exists**.

14.     Minimum diversity exists under CAFA when any plaintiff, or prospective class member, is diverse from any defendant.  28 U.S.C. § 1332(d)(2)(A).

15.     Plaintiff, Craftwood Lumber Company, "is, and at all times relevant hereto was, a corporation duly organized and existing under the law of the state of Illinois, with its principal place of business in Highland Park, Illinois."  Compl. ¶ 4.

16.     Plaintiff Craftwood II, Inc. "is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of California, doing business as Bay Hardware in Seal Beach, California."  Compl. ¶ 5.

17.     As alleged in the Complaint at the time it was filed, Defendant Essendant Inc. "is a corporation organized and existing under the laws of the state of Delaware … and having its principal place of business in Deerfield, Illinois."  Compl. ¶ 6.

4

18. As further alleged in the Complaint, Defendant Essendant Co. "is a corporation organized and existing under the laws of the state of Illinois … and having its principal place of business in Deerfield, Illinois." Compl., ¶ 7.

19. Plaintiffs seek to represent, and defines as the prospective class in this Action, "all persons and entities that were subscribers of facsimile telephone numbers to which material that discusses, describes, or promotes the property, goods or services of Defendants … was sent via facsimile transmission …". Compl., ¶ 19.

20. Plaintiff Craftwood II, Inc. is a California corporation, doing business as Bay Hardware in Seal Beach, California. Neither Defendant is domiciled in California. Additionally, because Plaintiffs' class definition is not limited in geographic scope, Plaintiffs seek to represent a class of persons and entities spanning at least all 50 states. Accordingly, minimal diversity exists for purposes of removal under CAFA.

### b. There Are at Least 100 Members in Plaintiffs' Putative Class.

20. CAFA requires the existence of at least 100 members in Plaintiffs' putative class. 28 U.S.C. § 1332(d)(5)(B).

21. As noted above, Plaintiffs seek to represent "all persons and entities that were subscribers of facsimile telephone numbers to which material that discusses, describes, or promotes the property, goods or services of Defendants … was sent via facsimile transmission …". Compl., ¶ 19.

22. Plaintiffs further allege "that the Plaintiff Class number in the thousands." Compl. ¶ 20.

23. The Complaint does not limit itself to a class of less than 100 individuals, but rather seeks to define the class in the inclusive manner described above. Because Plaintiffs

allege that the class numbers "in the thousands" CAFA's requirement for a prospective class over 100 members has been met and removal is appropriate.

### c. The Amount in Controversy Exceeds $5 Million.

24. CAFA authorizes the removal of a class action, in which the amount in controversy for all potential class members exceeds $5 million. *See* 28 U.S.C. § 1332. The amount in controversy for a class action under CAFA is satisfied here because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 190 L. Ed. 495 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). No presumption against removal to federal court exists where the removal is based on CAFA. *Id*.

25. While Defendants deny Plaintiffs' claims of wrongdoing, the allegations in the Complaint, and the total amount of compensatory damages, punitive damages, attorneys' fees, injunctive relief and other monetary relief at issue in this action, on an aggregate, class-wide basis, would be in excess of this Court's jurisdictional minimum of $5 million.

26. The Complaint alleges that Defendants are liable to each prospective class member for a "minimum amount of $500 for each violation by Defendants of the TCPA" and to the extent the violations were committed willfully and/or knowingly, "statutory damages should be increased up to three times ..." Compl. ¶¶ 31, 35.

27. Moreover, Plaintiffs have explicitly alleged in the Complaint that they are seeking relief "in an amount ***not less than*** $5 million, and trebling of such statutory damages." Compl. Prayer for Relief, ¶¶ 1, 3 (emphasis added).

28. Because the Complaint defines the putative class in the broad and inclusive manner noted above and claims that they are seeking damages for not less $5 million

6

each for two counts in the Complaint, Defendants have demonstrated by a preponderance of the evidence that the amount in controversy for all potential class members exceeds $5 million.

29.     Accordingly, this case meets all of CAFA's requirements for removal, along with federal question removal, and is timely and properly removed by the filing of this Notice.

30.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## CONCLUSION

31.     WHEREFORE, having provided notice as required by law, Defendants respectfully request that the above-captioned action be duly removed from Circuit Court of Lake County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division

Dated:  April 14, 2016                    KELLEY DRYE & WARREN LLP


                                          By: */s/Givonna S. Long*
                                              Givonna S. Long (#6290076)
                                              333 West Wacker Drive, 26th Fl.
                                              Chicago, Illinois 60606
                                              Phone: 312-857-7070
                                              Fax: 312-857-7095
                                              glong@kelleydrye.com

                                              *Attorneys for Defendants*
                                              *Essendant, Inc. and Essendant Co.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I caused/will cause a copy of the NOTICE OF REMOVAL to be

served in the manner indicated below:

TO: **<u>Via Hand Delivery on April 15, 2016</u>**

      Keith Brin
      Clerk of the Circuit Court
      18 N. County St.
      Waukegan, IL 60085

      **<u>Via FedEx on April 14, 2016</u>**

      Michael D. Theisen, Esq.
      Tews, Theisen & Theisen
      One North LaSalle Street, Suite 3000
      Chicago, Illinois 60602
      Phone: 312-782-7320
      Fax: 312-782-7138
      Cell: 847-275-7686
      Email: mdt@tewtheisenlaw.com

      *Attorneys for Plaintiffs*
      *Craftwood Lumber Company and*
      *Craftwood II, Inc.*

Dated:  April 14, 2016               */s/ Givonna S. Long*
                               Givonna S. Long