# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CRAFTWOOD LUMBER COMPANY, *et al.*, | |
| Plaintiffs, | **Civil Action No. 16-cv-04321** |
| v. | Honorable John J. Tharp, Jr. |
| ESSENDANT, INC., *et al.*, | Magistrate Judge Sidney I. Schenkier |
| Defendants. | |

## DECLARATION OF NAINESH RAMJEE

I, Nainesh Ramjee, declare:

1.      I am an Associate at the law firm of Kelley Drye & Warren LLP, attorneys for defendants Essendant, Inc., and Essendant Co. (collectively, "Essendant" or "Defendants"). I make this declaration in support of Essendant's Opposition to plaintiffs Craftwood Lumber Company and Craftwood II, Inc.'s (collectively, "Craftwood" or "Plaintiffs") Motion to Compel Further Responses to Interrogatories and Requests for Production.

2.      I have personal knowledge of the facts set forth herein. If called to testify, I could and would competently testify to the matters stated herein.

3.      On August 31, 2016, as a result of an extensive and collaborative effort on the part of Essendant's employees, Essendant provided detailed and specific written responses and objections to Plaintiffs' 55 discovery demands (15 Interrogatories and 40 document production requests).

4.      On August 31, 2016, Essendant concurrently produced their first set of documents and data to Plaintiffs, including detailed fax records and the fax artwork (the "Artwork") (*i.e.* the documents actually transmitted for the fax campaigns targeted to Defendants' existing customer

base).  A true and accurate copy of the cover letter accompanying the production is attached hereto as Exhibit A.

5.      On September 22, 2016, Defendants produced a very large set of documents composed of Defendants' customer credit files, which included credit applications, bank authorization forms, tax forms, new customer applications, and consent forms (collectively, the "Credit Files").  Along with this production, Defendants also located and produced a set of over 4,700 individual consent forms from Defendants' customers desiring to communicate with Defendants via facsimile (the "Consent Forms").  Defendants also produced an internal database known as "Trend."  A true and accurate copy of the cover letter accompanying the production is attached hereto as Exhibit B.

6.      In addition to the explanatory responses to the interrogatories and document requests, on September 22, 2016, Plaintiffs' counsel sought further clarification as to whether certain categories of documents were produced to them.  In response, Essendant's counsel, Givonna Long, provided specific bates ranges, which corresponded to the Credit Files, Consent Forms, and Trend Database.  A true and accurate copy of Ms. Long's September 27, 2016 response email is attached hereto as Exhibit C.

7.      On October 14, 2016, Defendants supplemented their initial production of fax detail records to provide all fax detail records spanning May 2011 through May 2015 (the "Fax Detail Records").  A true and accurate copy the cover letter accompanying the production is attached hereto as Exhibit D.

8.      On October 20, 2016, Defendants produced fax lists used by ABC Fax to send faxes in a given campaign (the "Fax Lists") and batch detail records for each and every one of the 726 Fax Detail Records (the "Batch Detail Records").  These Batch Detail Records are website

screenshots from the two Essendant Co. ABC Fax accounts used during the relevant time period. A true and accurate copy the cover letter accompanying the production is attached hereto as Exhibit E.

9.      On October 24, 2016, Defendants produced a set of 25 customer declarations (the "Customer Declarations") that they obtained in support of their PEP and EBR defense.  A true and accurate copy the cover letter accompanying the production is attached hereto as Exhibit F.

10.     On October 25, 2016, my colleague Givonna Long, responded to Craftwood's counsel's inquiry via email regarding certain outstanding discovery issues.  In her response, Ms. Long addressed and clarified Craftwood's concerns.  Most pertinent is the fact that Ms. Long informed Craftwood that Defendants were not withholding any information that is in its possession, and that Defendants would supplement the responses if additional information is discovered.  A true and accurate copy of Ms. Long's October 25, 2016 email is attached hereto as Exhibit G.


DATED:       November 15, 2016          By:      */s/ Nainesh Ramjee*
                                                  Nainesh Ramjee, Esq.

# EXHIBIT A

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**

**PARSIPPANY, NJ 07054**

(973) 503-5900

NEW YORK,NY

WASHINGTON,DC

LOS ANGELES,CA

CHICAGO,IL

STAMFORD,CT

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE

(973) 503-5950

www.kelleydrye.com

NAINESH RAMJEE

DIRECT LINE:(973) 503-5911

EMAIL:nramjee@kelleydrye.com

August 31, 2016

BY EMAIL
cdc@paynefears.com

Darryl Cordero
Payne & Fears LLP
Jamboree Center
4 Park Plaza, Suite 1100
Irvine, CA 92614

<u>**RE:** *Craftwood Lumber Co., et al. v. Essendant, Inc., et al.*, **No. 16-cv-04321 (N.D. Ill.)**</u>

Dear Mr. Cordero:

In response to Plaintiffs' First Request for Production of Documents, you will be receiving access credentials to a private FTP site from Accellion. Defendants are producing the following documents via FTP site:

1. Fax records produced in native csv format, ESSE-000000001 – ESSE-000000572. These documents are designated as "**Confidential**" pursuant to a pending protective order.

2. Fax "artwork", ESSE-000000573 – ESSE-000001901.

The password to access the zip files containing these documents is: **u~&knB2?**

Best regards,

Nainesh Ramjee

# EXHIBIT B

**K E L L E Y   D R Y E   &   W A R R E N   LLP**

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**

**PARSIPPANY, NJ 07054**

(973) 503-5900

N E W   Y O R K , N Y

W A S H I N G T O N , D C

L O S   A N G E L E S , C A

C H I C A G O , I L

S T A M F O R D , C T

B R U S S E L S ,   B E L G I U M

A F F I L I A T E   O F F I C E
M U M B A I ,   I N D I A

F A C S I M I L E

( 9 7 3 )   5 0 3 - 5 9 5 0

w w w . k e l l e y d r y e . c o m

N A I N E S H   R A M J E E

D I R E C T   L I N E : ( 9 7 3 )   5 0 3 - 5 9 1 1

E M A I L : n r a m j e e @ k e l l e y d r y e . c o m

September 22, 2016

**BY EMAIL**
cdc@paynefears.com

Darryl Cordero
Payne & Fears LLP
Jamboree Center
4 Park Plaza, Suite 1100
Irvine, CA 92614

**RE: *Craftwood Lumber Co., et al. v. Essendant, Inc., et al.*, No. 16-cv-04321 (N.D. Ill.)**

Dear Mr. Cordero:

In response to Plaintiffs' First Request for Production of Documents, we are uploading a supplemental production of documents to the same private Accellion FTP site used in our initial production to you. Your access credentials are the same. Defendants are producing the following documents:

1. Credit file documents bearing bates numbers ESSE-000001902 – ESSE-000258302. These documents are designated as "**Highly Confidential**" pursuant to a pending protective order. Please note that given the size of this set of documents, we will be transmitting this zip file to you via a Send File through Accellion wherein you will be able to download it.

    a. The password to access this zip file is: **u~&knB2?**

2. A single document bearing bates number ESSE-000258303 containing consent form documents, which have a second level bates series beginning with "LAG." These documents are designated as "**Confidential**" pursuant to a pending protective order.

    a. The password to access this zip is: **&~oM4HX!W3iWI\|**

**KELLEY DRYE & WARREN** LLP

Darryl Cordero
September 22, 2016
Page Two


3. The Trend database consisting of two excel spreadsheets bearing bates numbers ESSE-000258304 - 000258305.  These documents are designated as "**Highly Confidential**" pursuant to a pending protective order.

    a. The password to access the zip files containing these documents is: **&~oM4HX!W3iWI\\|**

    Best regards,


    Nainesh Ramjee

# EXHIBIT C

**Long, Givonna**

| | |
|---|---|
| **From:** | Long, Givonna |
| **Sent:** | Tuesday, September 27, 2016 1:16 PM |
| **To:** | 'Lula, Daniel F.' |
| **Cc:** | Cordero, Darryl; Mazzuchetti, Lauri A. |
| **Subject:** | RE: Craftwood v. Essendant |

Daniel,

Please see our responses below in red.

Additionally, in preparation or our call, do you have comments to the draft confidentiality order. That way, if there are any areas of disagreement, we can discuss those as well?

Thanks,

Givonna

## Givonna Long

Kelley Drye & Warren LLP

(312) 857-7084 | glong@kelleydrye.com

**From:** Lula, Daniel F. [mailto:DFL@paynefears.com]
**Sent:** Tuesday, September 27, 2016 12:51 PM
**To:** Long, Givonna <GLong@KelleyDrye.com>
**Cc:** Cordero, Darryl <cdc@paynefears.com>; Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>
**Subject:** RE: Craftwood v. Essendant

Givonna,

The categories I identified below are sought by several requests. A non-exhaustive list is below:

1. RFP No. 4.4, 4.6.

2. RFP No. 4.4, Int. No. 7 (via RFP No. 12.1).

3. RFP No. 1.1, 4.5, 4.6.

4. RFP No. 1.1, 4.5, 4.6.

5. RFP No. 1.1, 3.1.

6. RFP No. 8.1, 8.2, 8.3, Int. No. 8, 9 (RFP No. 12.1).

7. RFP No. 1.1, 9.1, 9.2, Int. No. 11, 12 (RFP No. 12.1).

Is there a dispute that the categories I identified were requested? My purpose is simply to figure out if Defendants have produced the requested documents or not. If so, and you can point me to the section of the production by Bates-number, we'll have a lot less to discuss. If not, please confirm that, and then tomorrow, we can discuss why.

1

Thank you,

*Daniel F. Lula*

Partner

# PAYNE & FEARS

Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614
Main 949.851.1100 • Direct 949.797.1269 • Fax 949.851.1212
www.paynefears.com • email: dfl@paynefears.com

**From:** Long, Givonna [mailto:GLong@KelleyDrye.com]
**Sent:** Tuesday, September 27, 2016 10:41 AM
**To:** Lula, Daniel F.
**Cc:** Cordero, Darryl; Mazzuchetti, Lauri A.
**Subject:** RE: Craftwood v. Essendant

Daniel,

Can you please advise regarding which document requests seek the information identified in your questions below?

Thanks,

Givonna

## Givonna Long

Kelley Drye & Warren LLP

(312) 857-7084 | glong@kelleydrye.com

**From:** Lula, Daniel F. [mailto:DFL@paynefears.com]
**Sent:** Thursday, September 22, 2016 8:30 PM
**To:** Long, Givonna <GLong@KelleyDrye.com>
**Cc:** Cordero, Darryl <cdc@paynefears.com>
**Subject:** Craftwood v. Essendant

Givonna,

By now I'm sure you've seen the email traffic regarding the document production. While we work out some of the kinks, such as documents I can't seem to open and some that went to Darryl but not me, it would be very helpful if you could point me to a few things by Bates-range. If they were not produced, I would appreciate knowing that as well, and whether that's because Essendant doesn't have them, because ABC Fax does, or because Essendant has objected and doesn't intend to produce them:

1. Documents showing the number of fax campaigns undertaken and the dates on which they occurred.

- ESSE-00000001 – ESSE-000000572.

2

2. Documents showing the names and addresses of the recipients in each fax campaign.

- ESSE-00000001 – ESSE-000000572;
- ESSE-000258303; and
- ESSE-000258304 – 305

3. Transmission records for each of the fax campaigns.

- ESSE-00000001 – ESSE-000000572.

4. Exception reports for each of the fax campaigns.

- Please confirm what you mean by exception reports.

5. A copy of each fax sent in each fax campaign.

- ESSE-000000573 – 1901.

6. Documents showing PEP given by any the recipients of each campaign.

- ESSE-0000001902 – 258302;

- ESSE-000258303; and

- ESSE-000258304 – 305.

7. Documents showing EBR with any recipients of each campaign.

- See response to number 6.

Thank you,

*Daniel F. Lula*
Partner

# PAYNE & FEARS

Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614
Main 949.851.1100 • Direct 949.797.1269 • Fax 949.851.1212
www.paynefears.com • email: dfl@paynefears.com

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

# EXHIBIT D

**K E L L E Y   D R Y E   &   W A R R E N** LLP

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**

**PARSIPPANY, NJ 07054**

(973) 503-5900

N E W   Y O R K , N Y

W A S H I N G T O N , D C

L O S   A N G E L E S , C A

C H I C A G O , I L

S T A M F O R D , C T

B R U S S E L S ,   B E L G I U M

A F F I L I A T E   O F F I C E
M U M B A I ,   I N D I A

F A C S I M I L E
( 9 7 3 )   5 0 3 - 5 9 5 0
w w w . k e l l e y d r y e . c o m

N A I N E S H   R A M J E E

D I R E C T   L I N E : ( 9 7 3 )   5 0 3 - 5 9 1 1

E M A I L : n r a m j e e @ k e l l e y d r y e . c o m

October 14, 2016

**BY EMAIL**
cdc@paynefears.com
dfl@paynefears.com

Darryl Cordero
Daniel Lula
Payne & Fears LLP
Jamboree Center
4 Park Plaza, Suite 1100
Irvine, CA 92614

<u>RE: *Craftwood Lumber Co., et al. v. Essendant, Inc., et al.*, No. 16-cv-04321 (N.D. Ill.)</u>

Dear Mr. Cordero and Mr. Lula:

In response to Plaintiff's First Request for Production of Documents, you will be receiving a supplemental file transmission via Accellion containing the full fax records from May 2011 through May 2015 as VOL005_ESSE.zip. These files have been produced in their native csv format and have been designated "**Highly Confidential.**" Please note that your access credentials for the Accellion FTP site will be the same as before.

This database consists of csv files bearings bates numbers ESSE-000258306 – ESSE-000259031, which comprise fax records from two accounts with ABC Fax. Specifically, files bates range ESSE-000258306 – ESSE-000258631 correspond to fax records from the 7156 Account. Bates range ESSE-000258632 – ESSE-000259031 corresponds to fax records from the 11601 Account.

Once downloaded, the password to access these documents is **&~oM4HX!W3iWI\|.**

Regards,

**KELLEY DRYE & WARREN** LLP

Darryl Cordero
October 14, 2016
Page Two

Nainesh Ramjee

# EXHIBIT E

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**

**PARSIPPANY, NJ 07054**

NEW YORK,NY

WASHINGTON,DC

LOS ANGELES,CA

CHICAGO,IL           (973) 503-5900

STAMFORD,CT

FACSIMILE

(973) 503-5950

www.kelleydrye.com

BRUSSELS, BELGIUM

NAINESH RAMJEE

DIRECT LINE:(973) 503-5911

EMAIL:nramjee@kelleydrye.com

AFFILIATE OFFICE

MUMBAI, INDIA

October 20, 2016

BY EMAIL
cdc@paynefears.com
dfl@paynefears.com

Darryl Cordero
Daniel Lula
Payne & Fears LLP
Jamboree Center
4 Park Plaza, Suite 1100
Irvine, CA 92614

RE: *Craftwood Lumber Co., et al. v. Essendant, Inc., et al.*, No. 16-cv-04321 (N.D. Ill.)

Dear Mr. Cordero and Mr. Lula:

You will be receiving a supplemental file transmission via Accellion containing fax lists as VOL006_ESSE.zip. These files have been produced in their native format and have been designated "Confidential." Please note that your access credentials for the Accellion FTP site will be the same as before.

This production consists of files bearings bates numbers ESSE-000259032 – ESSE-000259251, which comprise fax lists from two accounts with ABC Fax. Specifically, files bates range ESSE-000259032 – ESSE-000259248 correspond to fax lists from the 7156 Account. Bates range ESSE-000259249 – ESSE-000259251 corresponds to fax lists from the 11601 Account.

Moreover, you will be receiving a second zip file, VOL007_ESSE.zip, consisting of fax batch information for each account. This production consists of documents bates numbered ESSE-000259251 – ESSE-000260236.

Once downloaded, the password to access these documents is **&~oM4HX!W3iWI\|**.

Regards,

**K E L L E Y   D R Y E   &   W A R R E N** LLP

Darryl Cordero
October 20, 2016
Page Two

Nainesh Ramjee

# EXHIBIT F

**K E L L E Y   D R Y E   &   W A R R E N** LLP

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**

**PARSIPPANY, NJ 07054**

(973) 503-5900

N E W   Y O R K , N Y

W A S H I N G T O N , D C

L O S   A N G E L E S , C A

C H I C A G O , I L

S T A M F O R D , C T

B R U S S E L S ,   B E L G I U M

A F F I L I A T E   O F F I C E
M U M B A I ,   I N D I A

F A C S I M I L E

( 9 7 3 )   5 0 3 - 5 9 5 0

www.kelleydrye.com

N A I N E S H   R A M J E E

DIRECT LINE:(973) 503-5911

EMAIL:nramjee@kelleydrye.com

October 24, 2016

BY EMAIL
cdc@paynefears.com
dfl@paynefears.com

Darryl Cordero
Daniel Lula
Payne & Fears LLP
Jamboree Center
4 Park Plaza, Suite 1100
Irvine, CA 92614

RE: *Craftwood Lumber Co., et al. v. Essendant, Inc., et al.*, No. 16-cv-04321 (N.D. Ill.)

Dear Mr. Cordero and Mr. Lula:

You will be receiving a supplemental file transmission via Accellion transmitting VOL008_ESSE.zip.  Please note that your access credentials for the Accellion FTP site will be the same as before.  This production consists of files bearing bates numbers ESSE-000260237 – ESSE-000260285, which comprise customer declarations.

Once downloaded, the password to access these documents is **&~oM4HX!W3iWI\|.**

Regards,

Nainesh Ramjee

# EXHIBIT G

## Long, Givonna

| | |
|---|---|
| **From:** | Long, Givonna |
| **Sent:** | Tuesday, October 25, 2016 9:40 AM |
| **To:** | 'Lula, Daniel F.' |
| **Cc:** | Mazzuchetti, Lauri A.; Cordero, Darryl |
| **Subject:** | Craftwood v. Essendant Discovery |

Dear Daniel,

Below, please find the Defendants' responses to the alleged deficiencies you identified in Defendants' responses to Plaintiffs' Interrogatories.

**Plaintiffs' Global Objection:**

Overall, in many responses, Essendant states that "it reserves the right to amend this response" and that it is "continuing their investigation." These statements are inappropriate and render the responses suspect. Is all responsive information currently in Essendant's knowledge being provided? Has Essendant made a reasonable search and diligent inquiry within its business organization to obtain all responsive information? These are the obligations under the Federal Rules. While the Rules contain a duty to supplement responses if they are <u>later discovered</u> to be inaccurate or incomplete, that is not a license for a responding party not to fulfill their obligations to provide full and complete responses <u>at the time of responding</u>. There is no provision in the Rules for a party to "keep the ball in the air" by stating that they reserve a right to amend or that they are continuing an "investigation." We will need responses that delete these "hedge phrases" and comply with the Federal Rules.

**Defendants Response:**

In response to your global objection, Essendant disagrees with your assessment that our statements that Defendants reserves the right to amend their responses and that their investigation is continuing are inappropriate. As you know, this case is still in the fact finding phase and Defendants have the right to supplement their responses to the extent that new information becomes available. Further, such statements are consistent with the Federal Rules of Civil Procedure. Defendants are not withholding any information that they currently possess on the basis of these statements, but have put Plaintiffs on notice that their responses may be supplemented, if additional information is discovered. In this regard, we have provided supplements. I also note that we have discussed negotiating search terms to aid our search of emails. While we had thought you would propose search terms, you have declined to do so. We are in the process, at your request, of proposing search terms in an effort to reach agreement with you. The search of emails will likely require supplementation of discovery responses.

**Specific Interrogatories:**

1. Are any individuals' identities being withheld or not provided as a result of the general or specific objections? For those that were identified, no addresses were provided. Are all of the identified individuals current employees of Essendant, and if so, which individuals are employed by Essendant Co. and which by Essendant Inc.?

**Response:** Defendants have identified the key personnel who were responsible for fax campaigns. While Defendants are not withholding the identify of any key persons on the basis of any of their objections, it is not practical to identify each and every employee who had some role with respect to hundreds of different fact campaigns. In addition, our interrogatory responses do identify those key individuals involved in the subject matter at issue who are not currently employed by Defendants as "former" employees. Unless we advise otherwise, all individuals identified in this interrogatory will be represented by Kelley Drye and can be reached through our firm.

2. Same questions as No. 1.

**Response:** Same responses as No. 1

3. The response provided does not answer the question. It's not a proper response to state that "the information is in the possession of ABC Fax," and in any event, ABC Fax has responded to a similar request by stating that it has no

responsive documents. We are sure that ABC Fax did not compose, create, format, and prepare the layout of the faxes that Essendant sent. Essendant must have done that, and we're entitled to a clear response explaining that process for each fax sent during the relevant period.

**Response:** We are looking into this and will get back to you.

4. Same questions as No. 1.

**Response:** Same responses as No. 1.

5. Since the response is "subject to" objections, we need to know if any information is being withheld or if the response is full and complete. If it is full and complete, I'd like to confirm that Essendant is responding that it has never, during the relevant period, used lists bought from or provided by third parties. In addition, we are entitled to a fuller explanation of what "internal data sources" means.

**Response:** The Defendants are not withholding information on the basis of their objections. Defendants have provided the information known to it at this time, but may supplement this response if new information becomes available. To ask if the response is full and complete, when Plaintiffs are aware that discovery is in its infancy and ongoing, is inappropriate. Regarding the "internal data sources" those sources are explained in their response to Interrogatory No. 9.

6. Same questions as No. 5.

**Response:** Same response as No. 5.

7. The interrogatory asked who the "sender" of each fax was, and Defendants responded "ABC Fax." I understand that response, but we also need to know which faxes during the relevant period were sent by Essendant Inc. and which were sent by Essendant Co. We'll need an amended response from Defendants listing the fax campaigns undertaken and which were done by which defendant.

**Response:** Defendants have answered this interrogatory. Defendants specifically stated that "Essendant Co. used a third party fax platform provided by ... ABC Fax." to send the faxes at issue." The answer as written directly answers the question and your alleged issues cited above.

8. Essendant's objections are basically arguments against class certification and are not proper objections to discovery. If Essendant is going to raise the defense of Prior Express Invitation or Permission (PEP), then Essendant needs to identify (with not just names, but addresses and phone numbers) those recipients of its faxes during the relevant period that it contends provided PEP. We will need an amended response that is fully responsive.

**Response:** Defendants believe that their objections are valid and have answered the interrogatory. Defendants will supplement their response to this interrogatory shortly.

9. Same as No. 8. Craftwood is entitled to know the basis on which Essendant claims that its fax recipients provided PEP. We understand some information is claimed to have been lost, but that is not a reason not to fully respond with what Essendant does have. The interrogatory calls for a "description" of the "communications" by which each person provided PEP – for each person identified. A response would look something like this: "John Smith Corporation, Inc. – Consent form signed November 12, 2014 – Bates No. ESSE00124567." When Essendant feels it cannot respond due to lost information, it should say so. While the response may be significantly lengthy, unfortunately, that is a result of Essendant's choice to undertake numerous faxblast campaigns to numerous individuals. Essendant's statement that it will produce documents is an improper response. Rule 33(d) states that "if the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . **specifying the records that must be reviewed.**" *First*, the interrogatory does not call for an audit, compilation, abstract, or summary of documents, so Rule 33(d) doesn't apply. *Second*, even if it did, Essendant has not specified the records that must be reviewed.

**Response:** As part of their answer to Interrogatory No. 9, Defendants have described the communications. Plaintiffs' example of what an answer to this interrogatory should look like, is incorrect. Plaintiffs also mischaracterize F.R.C.P. 33(d). As Rule 33(d) states "if the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by . . . specifying the records that must be reviewed…as readily as the responding party could." In order to answer this

interrogatory, Defendants would have to undertake the same process as Plaintiffs would, thus under Rule 33(d), it is proper to identify documents as an answer to this Interrogatory. Defendants have separately identified specific bates ranges of documents which identify credit files, customer files, and Trend data, which is what Plaintiffs need to ascertain the answer to this interrogatory. Defendants do not believe that they are obligated to provide a response on a fax by fax basis, nor would it be practical for Defendants to do so. The fact that PEP is an issue in this case, which you seem to be conceding by virtue of your raising these issues, is one of the reasons that class treatment is inappropriate in this case.

10. Craftwood is entitled to know who has knowledge of the PEP that Essendant claims to have from its fax recipients. This is basic and the objections Essendant has made are not meritorious (again, they are in the nature of arguments against class certification). Who at Essendant is responsible for obtaining, verifying, and tracking PEP?

**Response:** While Defendants believe that their objections are valid, we have answered the interrogatory.

11. The same issues identified above with Essendant's responses to the interrogatories directed to PEP are applicable to the interrogatories directed to EBR. Craftwood is entitled to know which fax recipients Essendant contains have or had an EBR with it at the time of fax transmission. The objections are not meritorious; interrogatories use "legal terms" all the time, and Essendant should respond using the definition of EBR provided, the interrogatory is not unduly burdensome, and Essendant's Rule 33(d) invocation is improper and does not comply with Rule 33(d) itself because it does not identify any documents.

**Response:** While Defendants believe that their objections are valid, we have answered the interrogatory.

12. Again, this is a basic interrogatory asking for details about how each EBR that Essendant contends exists was established. The citation to Rule 33(d) is improper, and moreover, Essendant has not identified any documents.

**Response:** We are looking into the point that you raised and will get back to you.

13. Please confirm the despite the objections, Essendant has provided a full and complete response, and confirm that all the listed individuals are employees of Essendant and may be contacted through counsel. If any are not, we will need their last known address and phone numbers.

**Response:** The Defendants are not withholding information on the basis of their objections. Defendants have provided the information known to it at this time, but may supplement this response in new information becomes available. All individuals identified in this interrogatory are represented by Kelley Drye and can be reached through our firm.

14. Please confirm that the action listed (suspending all fax transmissions through ABC Fax on April 30, 2015) is the only policy change, remedial, corrective, or disciplinary measure taken (in other words, that the response is complete notwithstanding the objections).

**Response:** The Defendants are not withholding information on the basis of their objections. Defendants have provided the information known to it at this time, but may supplement this response in new information becomes available. To ask if the response is full and complete, when Plaintiffs are aware that discovery is in its infancy and ongoing, is inappropriate.

15. The interrogatory asks for all facts supporting (what turned out to be) Essendant's thirteen denials that its sending of the 13 faxes attached to the Complaint constituted a violation of the TCPA. The objections are not meritorious; for example, "calls for a legal conclusion" is not a proper objection to an interrogatory, which may always be used to discover legal contentions and positions. It should be a simple matter for Essendant to state the basis for its belief that the 13 faxes it sent to Craftwood Lumber Co. or Craftwood II, Inc. (neither of whom gave PEP and with neither of whom Essendant had an EBR) did not violate the law. We are entitled to a full and complete response here.

**Response:** Defendants objections are valid, and even if legal contentions and positions are discoverable from a party, it is appropriate to wait to answer them until designated discovery is complete or until the pretrial conference. Defendants also object on the basis, among others, that many of the faxes at issue are information and not advertisements, which you know are not actionable under the TCPA. Additionally, even over these objections, Defendants have answered the question to the best of their knowledge at this time, by, in addition to the fact that many of the faxes are informational, and not advertisements, referring Plaintiffs to their responses to Interrogatory Nos. 8, 9, 11 and 12. Furthermore, Defendants have propounded Interrogatories to Plaintiffs which relate to this issues, and Plaintiffs have not fully responded to those interrogatories. I'm happy to discuss this further, if you believe that this does not satisfy your issue with this Interrogatory.

I look forward to an amicable resolution of the issues identified above.

KELLEY
  DRYE

## Givonna Long

Kelley Drye & Warren LLP
333 West Wacker Drive, 26th Floor
Chicago, IL 60606
(312) 857-7084 | glong@kelleydrye.com
Website

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CRAFTWOOD LUMBER COMPANY, *et al.*, | |
| Plaintiffs, | **Civil Action No. 16-cv-04321** |
| v. | Honorable John J. Tharp, Jr. |
| ESSENDANT, INC., *et al.*, | Magistrate Judge Sidney I. Schenkier |
| Defendants. | |

### <u>DECLARATION OF THOMAS REDDY</u>

I, Thomas Reddy, declare:

1.      I am the Director of Discovery Services and Legal Project Management at the law firm of Kelley Drye & Warren LLP, attorneys for defendants Essendant, Inc., and Essendant Co. (collectively, "Essendant" or "Defendants"). I make this declaration in support of Essendant's Opposition to plaintiffs Craftwood Lumber Company and Craftwood II, Inc.'s (collectively, "Craftwood" or "Plaintiffs") Motion to Compel Further Responses to Interrogatories and Requests for Production.

2.      I have personal knowledge of the facts set forth herein. If called to testify, I could and would competently testify to the matters stated herein.

3.      The Credit File documents, consisting of 134,000 documents containing over 250,000 pages were scanned from a hard copy version and coded by a third party eDiscovery vendor.

4.      The scanning and coding project took approximately one month to complete, and required 23 onsite visits.

5.      The cost of this project to Defendants was about $98,500.

1

DATED:     November 15, 2016       By:   /s/ _____

Thomas Reddy, Esq.