IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAFTWOOD LUMBER COMPANY and CRAFTWOOD II, INC., | ) ) ) ) | |
| Plaintiffs, | ) | No. 16 C 4321 |
| v. | ) ) | *Related to* 16 C 513 |
| ESSEDANT, INC. and ESSEDANT, CO. | ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) ) | |

## ORDER

Before the Court is the Plaintiffs' Motion to Compel Further Responses to Interrogatories and Requests for Production. [Doc. No. 38].[1] Plaintiffs ask the Court to enter an order compelling the Defendants' responses to Plaintiffs' First Set of Interrogatories Nos. 7 through 12 (the "Interrogatories") without withholding any information based on an objection; and stipulating that should the Defendants answer any interrogatory by invoking the Federal Rule of Civil Procedure ("Rule") 33(d) business records option, the Defendants' answer must specify the precise records the Plaintiffs must review by enumerating the particular pages or paragraphs that will contain the answer. For the reasons set forth below, the Plaintiffs' motion to compel is granted in part and denied in part.

---

[1] The Court first considered this motion during a January 10, 2017 motion hearing and directed the parties to meet and confer in an attempt to resolve the dispute, and to memorialize any progress in a Joint Report. The Court received that joint report on January 27, 2017. [Doc. No. 52]. In the report, the parties stated they have reached an impasse and have clarified their respective positions on the issues. The Court will consider those positions when deciding this motion.

## BACKGROUND

The crux of this discovery dispute is whether the substance of the Defendants' January 20, 2017 Supplemental Answers to Plaintiffs' Interrogatories Nos. 7 through 12 (the "Supplemental Answers") provides a complete interrogatory answer as required by Rule 33. The Plaintiffs originally propounded these Interrogatories to obtain information regarding two affirmative defenses that the Defendants assert: (1) that the prospective class of fax-recipient-plaintiffs gave the Defendants prior express permission ("PEP") to receive the faxes at issue and that; (2) the prospective class of plaintiffs had an established business relationship ("EBR") with the Defendants. To that end, Plaintiffs' Interrogatories Nos. 7 through 12 respectively sought:

> (7) Separately for each Junk Fax, identify (by name, last known home and business address and telephone, number and relationship to You) each Sender;
>
> (8): Separately for each Junk Fax, identify each Person whom You contend provided Prior Express Invitation or Permission to be sent the Junk Fax;
>
> (9) For each Person identified in response to Interrogatory No. 8, describe (including date, nature and content of) the communications by which such Person provided Prior Express Invitation or Permission;
>
> (10) Identify (by name, last known home and business address, telephone number, job title and by whom employed at the time) each Person with knowledge of any facts stated in response to Interrogatory No. 9;
>
> (11) Separately for each Junk Fax, identify (by name, facsimile, telephone number, and last known business address and telephone number) each Person with whom You contend You had an Established Business Relationship at the time the Junk Fax was sent or attempted to be sent; and

(12) For each Person identified in response to Interrogatory No. 11, state the circumstances of how and when the Established Business Relationship was commenced.

[See Doc. No. 52-1; *Defs. Supplemental Resps. to Pls.' First Set of Interrogs*, at 13-19].

In their Supplemental Responses, the Defendants posed individual objections to each of the aforementioned six Interrogatories. These individual objections are largely classified into two groups.

The first group contains five objections, that object to the Interrogatories because (1) the Interrogatories are vague, overly burdensome, and are neither relevant nor proportional; (2) the Interrogatories assume the Defendants attempted to send faxes; (3) most faxes sent by the Defendants were informational and not advertising; (4) to determine whether the faxes were informational or advertising requires a legal conclusion; and (5) respectively, defining a "sender," "prior express permission," and/or "established business relationship," also requires a legal conclusion. [*Id*.]

The second group appears to be the focal point of this dispute and contains two objections: (1) given the amount of employees who communicated and interfaced with Defendants' customers, it is not feasible and overly burdensome to identify each person who attempted to send an impermissible fax or communication, gave PEP, had an EBR, or has knowledge surrounding any of the aforementioned and; (2) responding to the respective Interrogatories would require the Defendants to undertake an individualized investigation and review each customer relationship,

which is unduly burdensome given the number of Defendants' customers during the time period Plaintiffs claim to be at issue. [*Id.*]

After posing these individual objections, the Defendants nonetheless answered each Interrogatory with an individual narrative response "subject to" the objections, and also invoked the Rule 33(d) business records option, by referring the Plaintiffs to a host of previously-produced documents they contend answered all six of the Interrogatories. Those Bates-stamped documents include: ESSE-00000001 through ESSE-00000572 (a collection of fax records), ESSE-0000001902 through ESSE-000258302 (customer credit files), ESSE-000258303 (fax consent forms), and ESSE-000258304 through ESSE-000258305 (the "Trend database," an excel sheet ostensibly listing any business-related information pertaining to the Defendants' customers).

The Plaintiffs contend these responses are deficient for largely two reasons. First, Plaintiffs take issue with the Defendants' choice of answering the aforementioned Interrogatories "subject to" certain objections. The Plaintiffs argue it is *per se* improper to answer an interrogatory subject to an objection, and such answers prevent the Plaintiffs from understanding if any responsive information has been withheld on the basis of the objection. Secondly, the Plaintiffs argue that the Defendants' invocation of the Rule 33(d) business records exception is improper, because the Defendants have not shown the burden of obtaining the answer from these documents would be substantially the same for both parties; and that the

4

documents accompanying the Defendants' interrogatory answers do not provide responsive information sought by the interrogatories.

## DISCUSSION

<u>Rule 33 Analysis</u>

Under Rule 33 an interrogatory may relate to any matter that is nonprivileged, and relevant to a claim or defense. Fed.R.Civ.P. 33(a)(2). In addition, the proportionality discovery rule applies to interrogatories and an interrogatory must be "proportional to the needs of the case," considering among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).

As an initial matter, the Court disagrees with the Plaintiffs' first argument. Answering subject to an objection is permissible in this jurisdiction so long as the party lodges a specific objection and makes clear any limitations the responder has subscribed to the interrogatory in responding, s*ee Thermapure, Inc. v. Giertsen Co. of Illinois*, No. 10 C 4724, 2013 WL 1222330, at *2 (N.D. Ill. Mar. 25, 2013) (examining 1993 amendment to Rule 33, which expressly allowed both objections and answers, and finding that an objection to interrogatory was not waived merely because a party answers to the interrogatory subject to the objection); and the Plaintiffs provide no controlling authority stating otherwise.

However, the Court agrees with the Plaintiffs' second argument that the Defendants' responses do not specifically state whether potentially relevant information is being withheld on the basis of an objection, and under which objections they have provided relevant information nonetheless. The Defendants' second group of objections highlights this confusion. From the second group of objections, it appears that the Defendants represent two things. First, that the nature of the requested information is too nuanced to provide it to the Plaintiffs in the manner in which it is sought; and second, that the information is so nuanced that the Defendants are unable to determine whether or not more relevant responsive information exists.

While the Defendants' first representation is generally correct in stating that the providing of individual contact information for each person who had given PEP, EBR, or had any knowledge of the circumstances surrounding thereof at the pre-certification stage is entirely too burdensome[2] – this does not serve as a justification for the Defendants' second assertion, that they cannot answer the interrogatory because it is too burdensome to determine whether or not more relevant responsive information exists. [*See e.g.* Doc. No. 52 at 16].

---

[2] A host of cases in the 7th Circuit agree that Courts may use their discretion to control the amount of pre-certification discovery. *See Kernats vs. Comcast Corp.,* No. 09 C 3368, 2010 WL 8742753, at *2 (N.D. Ill. Jan. 14, 2010) (In Rule 23 cases where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of "numerosity, common questions, and adequacy of representation."); *see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (1978); *see also Telco Group Inc. v. Ameritrade, Inc.,* 2006 WL 560635 at *2 (in order for a pre-certification discovery request to be relevant, "plaintiff must show that discovery measures will produce persuasive information substantiating the class action allegations") (citations omitted). However, unlike discovery that is necessary for the Plaintiff to show he may sustain the class action allegations and assert his rights, the requested discovery here relates solely to the Defendants' affirmative defenses, which may be abandoned at any time. Therefore, the intense degree of specificity requested by the Plaintiffs' Interrogatories is entirely disproportional to the needs of this case at this stage. The Court upholds the Defendants' objection on this basis.

The Court acknowledges that the Defendants' narrative answers explain in detail the other ways the information requested in the Interrogatories might be known, such as resulting from direct customer phone calls, or other forms of communication. The Court likewise appreciates the Defendants' concern that this fact prevents them from saying with certainty that the aforementioned Bates-stamped files are the only documents that might contain the information sought in the Interrogatories. However this does not relieve the Defendants of their duty to conduct a reasonable investigation into the extent of relevant information and provide a full answer to the interrogatory; or when the business records option is utilized, fail to direct the interrogating party to the location where the information is found, or is thought to be found. Discovery should ease an open development of the facts in a case. Each party has a duty to act in good faith in complying with its discovery obligations. *Johnson v. J.B. Hunt Transport, Inc.,* 280 F.3d 1125, 1132 (7th Cir. 2002).

The Court therefore sustains the Plaintiffs' objection and requires the Defendants to state for each Interrogatory answer, which objection they rely on, the extent to which they have withheld any information based upon that objection, and to further say with specificity whether or not they believe other responsive information might exist. If the Defendants reasonably believe there might be further responsive information to the Interrogatories, and that information may be derived from business records, the Defendants must direct the Plaintiffs to where that information or business records might be found. However, if the documents

7

produced are the only available documents where this information likely may be contained, the Defendants must state so.

Rule 33(d) analysis

> Rule 33(d) provides:
>
> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>>
>> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.
>
> Fed.R.Civ.P. 33(d)

Likewise, when a party relies on Rule 33(d) instead of answering interrogatories, it is the moving party's burden of persuasion to show that Rule 33(d) disclosures are "somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 289963, at *2 (N.D. Ill. Feb. 7, 2005) (citation omitted). If the moving party persuades the court, the burden shifts to the producing party to justify the use of business records in lieu of answers. *Id*.

Plaintiffs object to the Defendants' invocation of the Rule 33(d) business records option because they contend the Defendants have not met their burden of

showing the burden of deriving the answer would be substantially the same for either party.[3] The Plaintiffs likewise argue that the provided-records are largely not responsive to the Interrogatories. However, after a review of the documents at issue; the Plaintiff has not persuaded the Court that the Rule 33(d) invocation was improper.

First, under Rule 33(d) there is a difference between narrative "answers" and identification of documents from which responses could be gleaned under the rule where a party "may answer by specifying the record that must be reviewed" to derive the requested information. That is, under Rule 33(d), a party identifies "business records from which the answer to an interrogatory can be found rather than itself answering the interrogatory." 8B *Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ.* § 2177 (3d ed. 2010). Here, Defendants appear to use a hybrid of both, a narrative answer providing some explanation for the business records referenced in the response.

Focusing in on the documents identified in the response, the Court finds that the burden for fully deriving the answer to the interrogatory would be substantially the same for both parties. The Plaintiffs offer no controlling case law that the interrogated party's familiarity with its own documents presumptively shows the Defendants would be better inclined to answer in narrative fashion. While Plaintiff complains there are numerous numbers of documents to review; there are only four

---

[3] The Plaintiffs initially complain that the Defendants do not specifically say that the answer to the Interrogatories could be derived from the aforementioned referenced-documents, and is thus an improper response under Rule 33(d) The Court overrules this semantic objection as the Defendants would not have directed the Plaintiffs to those documents if the answer could not be derived therefrom.

types of documents all of which could conceivably build a rolodex of the individuals who either had given PEP or maintained an EBR with the Defendants. Likewise, by no means are the 250,000 referenced individual documents *per se* too voluminous for review, especially considering this is a putative class action.

Similarly, the responses contain enough information for the Plaintiffs to discern the answer from the referenced documents. The documents are identified by Bates-number and are categorized into distinct groups. Likewise, many of the documents are self-explanatory; and for the documents that require more explanation, the Defendants' narrative answers provide enough color for Plaintiff to compile a cognizable response to the Defendants' usage of these materials in support of their affirmative defenses. To the extent that the Plaintiffs are unable to divine the significance of the documents, they may have a better appreciation following a 30(b)(6) deposition. Even if after review, these documents could be said to establish no conclusive affirmative defense, this does not mean the documents are no less reviewable by the Plaintiff, and this fact may aid the Plaintiffs in eventually showing Defendants' affirmative defenses fail as a matter of law. Finally, in indicating that the Defendants' investigation has concluded, the Defendants are representing that this is the extent of their response to the interrogatory, and they may be estopped from claiming that other information or documents are relevant to their affirmative defenses should they attempt to introduce either at a later stage of the litigation. As such the Court overrules the Plaintiffs' objections regarding the Defendants' invocation of the Rule 33(d) business records option.

## CONCLUSION

For the reasons that follow, Plaintiffs' Motion to Compel [Doc. No. 38] is GRANTED IN PART and DENIED IN PART. Defendants shall make supplemental responses consistent with this Order within 7 days. All discovery is extended by 30 days to provide time to comply with this order.

**SO ORDERED.**  **ENTERED:**

**DATE:      March  10, 2016**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

11